```
1  CHARLES L. HASTINGS
   CA State Bar No.: 88599
2  NATALI A. RON
   CA State Bar No.: 302927
3  The Law Offices Hastings & Ron
4  2719 Quail Lakes Dr. Suite G #270
   Stockton, CA 95207
5  (209) 476-1010
6
   ROBERT J. DEUTSCH (Admitted Pro Hac Vice)
7  Deutsch & Gottschalk, P.A.
   1 Page Ave., Ste. 200
8  Asheville, NC 28801
9
   Attorneys for Plaintiffs SARAH HALEVY,
10 DAVID H. WALKER, INDIVIDUALLY AND AS
   TRUSTEE OF THE SARAH H. WALKER TRUST, AND
11 MARJORIE B. WALKER
```

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No. 22-22056 |
| | Chapter 7 |
| | Adversary No.: |
| DAVID R. MICHAL, | |
| Debtor. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF PARTICULAR DEBTS AND TO OBJECT TO DISCHARGE OF PARTICULAR DEBTS** |
| SARAH HALEVY, DAVID H. WALKER, individually and as Trustee of the SARAH H. WALKER TRUST, and MARJORIE B. WALKER. | |
| Plaintiffs, | |
| vs. | |
| DAVID R. MICHAL, | |

-1-

Defendant.

NOW COME Plaintiffs in the above-entitled action, by and through the undersigned counsel, and complaining of Defendant/Debtor herein, allege and say the following:

## THE PARTIES

1. Plaintiff Sarah Halevy ("Halevy"), a creditor of this Estate, is a citizen and resident of Buncombe County, North Carolina.

2. David H. Walker (D. Walker) and Marjorie B. Walker, creditors of this Estate, are citizens and residents of Galveston County, Texas.

3. The Sarah H. Walker Trust ("Trust"), creditor of this Estate, is a Trust existing under laws of the State of Texas. D. Walker is the Trustee of the Trust.

4. Defendant David R. Michal, the Debtor of this Estate, is a citizen and resident of Shasta County, California.

## JURISDICTION AND VENUE

5. Plaintiffs filed the involuntary Chapter 7 Petition in the Eastern District of California against Debtor on August 18, 2022, and the proceeding is now pending in the Eastern District of California and bears the Case Number 22-22056.

6. The Court has subject matter jurisdiction of this Complaint pursuant to 11 U.S.C. 727, 1334, and Bankruptcy Rules 4004(a) and 4005.

7. The Adversary Proceeding is being brought in connection with Debtor's case under Chapter 7 of Title 11, Case Number 22-22056, pending in this Court.

8. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

9. Plaintiffs were all investment clients of Marshall Melton ("Melton").

10. Melton was a former investment advisor who was permanently barred in 2003 from providing investment advisory services by way of a written order of the United States Securities and Exchange Commission (the "SEC Order"). As hereinafter described, Melton was associated with the Defendant in various real estate investments through which the Plaintiffs were defrauded.

11. In direct violation of the SEC Order, Melton continued to solicit investment clients, including the Plaintiffs herein. After Melton's solicitation of the Plaintiffs, they each entrusted millions of dollars to him and his associated investment entities. Melton placed most of Plaintiffs' funds into West Bay Partners, LLC, a limited liability company owned and operated by Melton to make alleged real estate investments ("WBP"). Melton did not disclose his interest in WBP to Plaintiffs, and failed to grant any membership interests in WBP to any of the Plaintiffs.

12. Through WBP, Melton then invested the Plaintiffs' funds in BHB of Georgia, LLC ("BHB"), a joint venture managed by Defendant, the debtor herein.

13. The stated purpose of BHB was to acquire purported undervalued properties in its and other limited liability companies' names and to rent or sell such properties for profit.

14. BHB was a purported investment in which Defendant represented to Melton that BHB owned unencumbered title to various single-family homes located in and around Atlanta Georgia.

15. In actuality, BHB obtained mortgages on many of the BHB properties and diverted said loan proceeds to Defendant personally and/or other affiliated entities.

16. Further, BHB transferred title to many of the BHB properties to Defendant or other entities owned by Defendant or otherwise affiliated with him for no consideration. With respect to the properties that remained titled in the name of BHB, BHB failed to pay real estate taxes and lost many of the properties to foreclosure.

17. Acting through BHB, Defendant converted, for his personal benefit, all of the Plaintiffs' funds which Melton placed in BHB.

18. Affiliated entities of Melton initiated two lawsuits in the Superior Court of Guilford County, North Carolina as set forth in File 15 CVS 8866 and 15 CVS 8844, against

Defendant, BHB, and other entities owned and/or controlled by Defendant based on fraud arising out of the BHB scam and other fraudulent real estate transactions. These two lawsuits were solved by a combined Mediated Settlement Agreement (the "MSA") which required Defendant and BHB to pay Melton and/or entities owned and/or controlled by him the aggregate sum of $3.945 million.

19. Defendant then defaulted on paying the sum due under the MSA, and Melton sued BHB and Defendant to enforce the terms of the MSA.

20. Subsequently, Melton, WBP, and other Melton entities obtained summary judgment against BHB and Defendant in the amount of $3.4 million (the "Judgment").

21. The Judgment constitutes a debt owed by Defendant, which Defendant obtained through false pretenses, a false representation, or actual fraud as set forth in 11 U.S.C. § 523 (a)(2), and or embezzlement as set forth in 11 U.S.C. § 523 (a)(4); and constitutes a willful and maliciously set forth in 11 U.S.C. § 523 (a)(6).

22. In 2019, Plaintiff Halevy initiated a lawsuit against Melton and his affiliated entities in Buncombe County, North Carolina as set forth in File 19 CVS 3238, for claims related to his fraudulent investment of her money, including conversion and unfair and deceptive trade practices.

23. Melton failed to inform the Plaintiffs of the loss of their investments through WBP or regarding any of the litigation previously initiated against Defendant until Melton voluntarily turned over documents to Plaintiff Halevy in response to discovery requests in her litigation against Melton for fraud.

24. In 2021, in order to resolve Plaintiff Halevy's lawsuit against him and the other Plaintiffs' claims against him regarding Melton's fraud, Melton assigned the Judgment to Plaintiffs.

25. Plaintiffs then undertook proceedings against Defendant in the state courts of California to collect on the Judgment through California counsel, Nicholas Scardigli, Esq. Mr. Scardigli then sent Defendant certain requests for production of documents and sought to examine him under oath regarding his assets. Ultimately, rather than responding to such documents

requests or submitting to an examination, Defendant finally provided a "Declaration" stating that he had no assets, debts, or income.

26. Based on such Declaration, and the obvious untruthfulness of it, the Plaintiffs filed the Section 303 involuntary bankruptcy against Defendant herein.

27. Defendant's conduct was fraudulent, unlawful, and willful and malicious; deceived Plaintiffs and/or their fiduciary agents; and caused Plaintiffs to suffer substantial financial harm.

### FIRST CLAIM FOR RELIEF

(Non-dischargeability against the Defendant Raymond Bae – Pursuant to 11 U.S.C. §523(a)(2))

1. Plaintiffs adopt, incorporate by reference, and allege herein all of the allegations set forth in the preceding paragraphs, as if set forth individually in this First Claim for Relief.

2. Pursuant to 523(a)(2) of the United States Bankruptcy Code, Defendant incurred a debt to Plaintiffs, as Defendant obtained money by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition, is nondischargeable.

3. Plaintiffs suffered damages as a direct and proximate result of Defendant's false pretenses, a false representation, or actual fraud, in an amount to be proven at trial. Based on the foregoing false pretenses, a false representation, and/or actual fraud, Plaintiffs request that the debt owed to Plaintiffs by the Defendant be deemed not dischargeable in his bankruptcy.

4. In committing the acts hereinabove described, the Defendant acted willfully, maliciously, and with deliberate intent to deceive Plaintiffs, and because thereof, Plaintiffs are entitled to punitive and exemplary damages in an amount to be determined at the time of trial which should be exempted from discharge in the Defendant's bankruptcy.

### SECOND CLAIM FOR RELIEF

(Non-dischargeability against the Defendant Raymond Bae – Pursuant to 11 U.S.C. §523(a)(4))

5. Plaintiffs adopt, incorporate by reference, and allege herein all of the allegations set forth in the preceding paragraphs, as if set forth individually in this Second Claim for Relief.

6. Pursuant to section 523(a)(4) of the United States Bankruptcy Code, a debt incurred by embezzlement or larceny shall be nondischargeable.

7. Plaintiffs suffered damages as a direct and proximate result of Defendant's false pretenses, a false representation, or actual fraud, in an amount to be proven at trial. Based on the foregoing embezzlement and/or larceny, Plaintiffs request that the debt owed to Plaintiffs by the Defendant be deemed not dischargeable in his bankruptcy.

8. In committing the acts hereinabove described, the Defendant acted willfully, maliciously, and with deliberate intent to cause injury to Plaintiffs, and because thereof, Plaintiffs are entitled to punitive and exemplary damages in an amount to be determined at the time of trial which should be exempted from discharge in the Defendant's bankruptcy.

## THIRD CLAIM FOR RELIEF

(Non-dischargeability against the Defendant Raymond Bae – Pursuant to 11 U.S.C. §523(a)(6))

9. Plaintiffs adopt, incorporate by reference, and allege herein all of the allegations set forth in the preceding paragraphs, as if set forth individually in this Third Claim for Relief.

10. Pursuant to section 523(a)(6) of the United States Bankruptcy Code, a debt incurred for willful and malicious injury by the debtor to another or to the property of another shall be nondischargeable. Defendant caused acted in a willful and malicious manner in the course of intentionally misappropriating Plaintiffs' funds, intending to cause injury to Plaintiffs, and did in fact cause injury to Plaintiffs.

11. Plaintiffs suffered damages as a direct and proximate result of Defendant's willful and malicious injury to them, in an amount to be proven at trial. Based on the foregoing willful and malicious injury, Plaintiffs request that the debt owed to Plaintiffs by the Defendant be deemed not dischargeable in his bankruptcy.

12. In committing the acts hereinabove described, the Defendant acted willfully, maliciously, and with deliberate intent to deceive Plaintiffs, and because thereof, Plaintiffs are entitled to punitive and exemplary damages in an amount to be determined at the time of trial which should be exempted from discharge in the Defendant's bankruptcy.

WHEREFORE Plaintiffs pray the Court for the following relief:

1. That the Court grant Plaintiffs an order denying Defendant discharge of their respective debts pursuant to 11 U.S.C. § 523(a)(2), (4) and (6) *et. seq.*;

2. That the Court grant Plaintiffs punitive and exemplary damages in an amount to be determined at the time of trial

3. That Plaintiffs have and recover judgment against Defendant for the amounts due and owing under the Judgment, plus interest on said debt;

4. That the costs of this action be taxed to Defendant, including attorneys' fees as allowed by law; and

5. That the Court grant whatever further relief it deems just and proper.

Dated: September 11, 2023          **LAW OFFICE OF HASTINGS & RON, APC**

By: _____
NATALI A. RON,
Attorneys for the Plaintiffs SARAH HALEVY, DAVID H. WALKER, INDIVIDUALLY AND AS TRUSTEE OF THE SARAH H. WALKER TRUST, AND MARJORIE B. WALKER